IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT McMAHON and KAREN JOHN,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                        Civil Action No. 5:07CV123
                                                                      (STAMP)

ADVANCE STORES COMPANY INCORPORATED
d/b/a ADVANCE AUTO PARTS and
DONN FREE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

    I.    <u>Facts and Procedural History</u>

Currently before this Court is a motion to remand by the plaintiffs, Scott McMahon ("McMahon") and Karen John ("John"). At issue are (1) whether the notice of removal was timely filed by the defendants, Advance Store Company, Inc., d/b/a Advance Auto Parts ("AAP") and Donn Free ("Free"); and (2) whether this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA").

The controversy concerns a warranty on a battery which McMahon purchased from AAP in Wheeling, West Virginia, and which he subsequently sold to John. The plaintiffs allege that within the warranty period, the battery failed. According to the plaintiffs, when John invoked the warranty and attempted to obtain a refund or replacement thereunder, Free, acting as AAP's agent, refused to

honor it because AAP policy was to limit warranties to original purchasers. John, as a subsequent purchaser, was not eligible to benefit from the warranty.

On August 30, 2006, McMahon filed a complaint in the Circuit Court of Ohio County, West Virginia. The original complaint included claims for breach of express and implied warranties, violations of West Virginia consumer protection laws, fraud, and unjust enrichment. After McMahon amended his complaint to include a class action claim,[1] the defendants removed the action on September 26, 2007, invoking this Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

The plaintiffs[2] filed a motion to remand. According to the plaintiffs, the defendants' removal was untimely, and this Court lacks subject matter jurisdiction because the amount in controversy does not meet CAFA's statutory minimum.[3] The plaintiffs also contend that even if this civil action does meet the threshold jurisdictional requirements under CAFA, this Court must decline to

---

[1]Although the parties dispute the date on which the case became removable, they do not dispute that the defendants filed a notice of removal after McMahon filed an amended complaint adding a class action claim.

[2]After McMahon filed his amended complaint but before the defendants removed the case, Karen John was joined as a plaintiff.

[3]The plaintiffs are citizens of West Virginia. Defendant AAP is a Virginia business corporation with its principal place of business in Roanoke, Virginia. Defendant Free is a citizen of West Virginia.

exercise jurisdiction because the case satisfies CAFA's "local controversy" exception pursuant to 28 U.S.C. § 1332(d)(6). The defendants timely responded in opposition, arguing that removal was timely; that the jurisdictional requirements are met; and that CAFA's "local controversy" exception does not apply to the facts of this case. The plaintiffs filed a timely reply.

The plaintiffs' motion to remand has now been fully briefed and is ripe for review. After considering the parties' briefs and the applicable law, this Court finds that the plaintiffs' motion to remand this action must be granted for the reasons stated below.

## II. Applicable Law

### A. Procedural Requirements

The procedure for removal is governed by 28 U.S.C. § 1446. Section 1446 provides, in relevant part:

> (a) A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant . . . in such action.
>
> (b) . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446 (a),(b). In cases where a plaintiff files a motion for leave to file an amended complaint, and the proposed

amended complaint enables a defendant to ascertain that the case has become removable, the thirty-day period does not begin until the state judge has assented to the motion. Hibbs v. Consolidation Coal Co., 842 F. Supp. 215, 217 (N.D. W. Va. 1994)

B.  Subject Matter Jurisdiction

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The Class Action Fairness Act confers original jurisdiction on district courts over class actions in which any member of a class comprised of at least one hundred plaintiffs is of diverse citizenship from any defendant and in which the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d). The claims of individual class members may be aggregated to meet the $5,000,000.00 amount in controversy. 28 U.S.C. § 1332(d)(6).

Generally, the party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). However, CAFA greatly expanded federal jurisdiction over class actions, and soon after the statute's enactment in 2005, some courts, relying upon a Senate committee report in CAFA's legislative history, held that the burden of persuasion shifted to the plaintiffs to show a lack of federal jurisdiction. See, e.g.,

Dinkel v. General Motors Corp., 400 F. Supp. 2d 289,295 (D. Me. 2005); Natale v. Pfizer, Inc., 379 F. Supp. 2d 161,168 (D. Mass. 2005), aff'd on other grounds, 424 F.3d 43 (1st Cir. 2005); Berry v. American Express Pub. Corp., 381 F. Supp. 2d 1118,1122 (C.D. Cal. 2005). Although the United States Court of Appeals for the Fourth Circuit appears not to have ruled on the issue, the five courts of appeals which have considered it have held that CAFA did not shift the burden of persuasion, which remains upon the party seeking removal. See, e.g., Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006); Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006); Miedema v. Maytag Corp., 450 F.3d 1322, 1328 (11th Cir. 2006); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005). Furthermore, the United States District Court for the Southern District of West Virginia has also concluded that the burden of establishing federal jurisdiction under CAFA remains on the removing defendant. Strawn v. AT&T Mobility, Inc., 513 F. Supp. 2d 599 (S.D. W. Va. 2007)(concluding that CAFA did not shift burden of establishing federal jurisdiction from removing defendant to party seeking remand); Adams v. Insurance Co. of North America, 426 F. Supp. 2d 356 (S.D. W. Va. 2006)(same)("Adams"). In Adams, the court also observed that this conclusion is consistent with how the Fourth Circuit would likely resolve the question. This Court agrees.

Therefore, in this case, the burden of establishing the $5,000,000.00 jurisdictional threshold amount in controversy rests with the defendants. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a removing defendant has met its burden of proving the amount in controversy. The well-settled test in the Fourth Circuit for calculating the amount in controversy is "'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002)(quoting Gov't Employees Ins. Co. v. Lally, F.2d 568, 569 (4th Cir. 1964)). Accordingly, in this case, the defendants must show by a preponderance of the evidence that the pecuniary interest, in the aggregate, of either party is greater than $5,000,000.00.

Even if CAFA's threshold jurisdictional requirements are met, however, remand is required where the case meets certain exceptions. 28 U.S.C. § 1332(d)(4). Title 28, United States Code, Section 1332(d)(4) provides:

> (4) A district court must decline to exercise jurisdiction . . .
>
> (A)(i) over a class action in which --
>
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C.A. § 1332 (d)(4).

Removal jurisdiction is strictly construed. If federal jurisdiction is doubtful, the federal court must remand. <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

### III. <u>Discussion</u>

A. <u>Timeliness of Removal</u>

McMahon's original complaint, filed in state court on August 30, 2006, did not include a class action claim. On July 10, 2007, McMahon filed two motions--one to amend his complaint to add a class action claim, and the other to certify a class. McMahon did not concurrently file a proposed amended complaint with the motion

7

to amend.  The defendants filed a response on or about July 31, 2007, opposing McMahon's motions because, the defendants argued, McMahon had entered into a settlement agreement with the defendants and, therefore, McMahon's motions were moot.  At a hearing on the motions, held in state court on August 1, 2007, the judge asked McMahon how much time McMahon needed to file the amended complaint and directed McMahon to file "whatever it is [he] want[s] to file." (Hr'g. Tr. 16, 17, Aug. 1, 2007.)

McMahon filed his amended complaint adding the class action claim and served the defendants on August 7, 2007, which fell within the time period that he had stated he needed for filing the complaint.  In accordance with the state court's local rules, McMahon prepared a proposed order memorializing what he contends was the state court's August 1, 2007, on-the-record grant of leave to file an amended complaint.  The defendants received the proposed order on or before August 13, 2007, and informed McMahon that they would not approve the proposed order, which, the defendants contend, inaccurately represented what had transpired at the August 1, 2007 hearing.  In a letter to McMahon, dated August 13, 2007, the defendants claim that the state court judge did not grant McMahon's motion for leave to file an amended complaint. According to the defendants, the judge merely instructed McMahon to file a proposed amended complaint.

On August 15, 2007, McMahon re-filed his motion to amend accompanied by the same amended complaint that he had filed on August 7, 2007. In a letter dated August 15, 2007, McMahon advised the defendants that he considered the amended complaint to have been filed on August 7, 2007, but that, in an abundance of caution, he was re-filing his motion and amended complaint. McMahon attached copies of the motion and the complaint to his letter. By separate letter,[4] McMahon informed the state court judge that the defendants had refused to endorse the proposed order which they had received on or before August 13, 2007. Rather than filing a response to McMahon's motion to amend, the defendants, asserting that McMahon lacked standing to prosecute the class action claim, filed a motion on August 21, 2007 to dismiss the amended complaint.

The state court, on August 27, 2007, entered a written order pertaining to the August 1, 2007 hearing on McMahon's motion to amend. In that order, the state court recorded the following in writing: "[T]he Court does hereby, ORDER that there is no settlement between the parties to render plaintiff's motion moot and that the plaintiff's motion to amend be and the same is hereby GRANTED." (Mot. to Remand, Ex. 8.) Notably, the state court's order adopted verbatim the language from the McMahon's proposed

---

[4]McMahon's letter is dated August 15, 2007; it was entered on the state court docket on August 27, 2007.

order prepared on August 7, 2007, which was received, then rejected, by the defendants on or before August 13, 2007.

In their motion to remand, the plaintiffs maintain that the state court's duly recorded oral directive at the August 1, 2007 hearing constitutes leave to file the amended complaint and that the action became removable when McMahon filed the amended complaint on August 7, 2007, or, at the latest, on or before August 13, 2007, when service upon the defendants was effected. Consequently, the plaintiffs conclude, removal was untimely and this case must be remanded.

The plaintiffs' argument rests squarely on the statutory language of § 1446(b). Section § 1446(b) provides that, in cases which become removable after the filing of the initial pleading, the notice of removal is to be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The plaintiffs assert--and the defendants do not dispute--that the defendants were served no later than August 13, 2007 with a copy of the amended complaint, which was filed in state court on August 7, 2007. According to the plaintiffs, the defendants were able by August 13, 2007 to ascertain from the copy of the amended pleading that the case had become removable and were, therefore, required to remove the action

by no later than September 12, 2007.  Because the defendants did not remove the case until September 26, 2007, the plaintiffs urge, removal was untimely.

The defendants, on the other hand, contend that this action became removable only upon the state court's entry of the written order on August 27, 2007, and that the notice of removal is, therefore, timely.  In support of their argument, the defendants cite Rule 15(a) of the West Virginia Rules of Civil Procedure, which, under the circumstances of this case, required McMahon to obtain leave of court to amend his complaint.  According to the defendants, such leave was not granted until the state court entered the written order.  In their pleadings, the defendants do not assert that the state judge failed to grant leave to amend at the hearing.  Rather, the defendants claim that, absent a grant of leave by written order, the amended complaint did not become "effective," and that the case was not removable until the amended complaint became "effective."  If the case was not removable, so the defendants' argument goes, then the defendants could not have ascertained its removability.

The defendants cite <u>Harvey v. Harvey</u>, 298 S.E.2d 467 (W. Va. 1982)("<u>Harvey</u>"), for the proposition that absent a written order, a court of record of the State of West Virginia has not spoken. The defendants also rely heavily upon <u>Savilla v. Speedway SuperAmerica, LLC</u>, 2004 WL 98815 (4th Cir. Jan. 22, 2004)

11

("Savilla"), to support their claim that an amended complaint becomes effective for purposes of removal only when the state court enters a written order granting leave to amend.

As an initial matter, this Court observes that a court record need not assume the form of a judicial order. Defendants' reliance upon Harvey for the contrary proposition is misplaced. In Harvey, the West Virginia Supreme Court held that an order or decree entered into the record was necessary to annul or nullify a bigamous marriage. Harvey at 473. The court stated: "'Courts of record must speak by their records. What is not thereby made to appear does not exist in law.' That a court of record speaks only through its records or orders has been generally affirmed by this Court in subsequent cases." Harvey v. Harvey, 298 S.E.2d 467, 471 (W. Va. 1982)(quoting Meyers v. Washington Heights Land Co., 149 S.E. 819, syll. pt. 3 (1929)) (emphasis added). The defendants' interpretation, by relying exclusively on the word "orders," renders the word "records" meaningless. By misconstruing Harvey, the defendants would have this Court find that only a written court order constitutes a court record in West Virginia. However, the West Virginia Supreme Court has clearly recognized that a "court record" is not synonymous with a "court order," the latter being a subset of the former. See Powers v. Trent, 40 S.E.2d 837, 839-40 (W. Va. 1946)(observing that judicial records include, inter alia, "memorial[ization] of a proceeding or an act of a court of record

entered in a roll for its preservation; a memorial or a history of judicial proceedings, in a case, commencing with the writ or the complaint and ending with the judgment[;] [t]he original entry of each matter in the course of a suit[;] [and] . . . records . . . associated with the progress of litigated cases" (internal citations omitted)).

The other case upon which defendants heavily rely is, Savilla, supra, an unpublished opinion by the United States Court of Appeals for the Fourth Circuit.[5] In that case, the plaintiff had served the defendants on the same date as she had filed a motion to amend with an accompanying amended complaint. The plaintiff argued that the defendants' removal was premature because the plaintiff was required to re-file the amended complaint and serve the defendants again after the court granted her motion for leave to amend. The United States Court of Appeals for the Fourth Circuit found that removal was not premature.

Savilla is inapposite to the circumstances of this case. In fact, the Savilla decision, insofar as it does apply, supports the plaintiffs' argument for remand. Savilla concerned whether the plaintiff in that case was required to take any additional action after the state court granted leave to amend when the plaintiff had already filed the amended complaint at the same time at which she

---

[5]This Court observes that unpublished opinions are not binding precedent in the courts of this circuit. See 4th Cir. R. 32.1.

had filed the motion. The court held that no additional action was required after the state court's order granting leave to file the amended complaint, that the order operated to amend the complaint, and that the defendant's removal based upon the amended complaint filed before the grant of leave was--contrary to the plaintiff's urging--not premature. In other words, the defendants in <u>Savilla</u> were permitted to remove the case as of the date the plaintiff filed the amended complaint. They were not required to wait until not the later date when the court granted leave. <u>Savilla</u> in no way speaks to the time by which a defendant must file a notice of removal, nor does it suggest that a written court order is the only means by which an amended complaint operates to render a case removable.

Aside from the defendants' misapplication of the case law, this Court observes that absent from the defendants' argument is any reference to the federal removal statute. Importantly, the statutory language clearly contemplates that a state court order does not constitute the sole document by which a defendant may ascertain that a case has become removable. <u>See</u> 28 U.S.C. § 1446(6). Section 1446(b) explicitly provides that "a copy of an amended pleading, motion, order or other paper" received by a defendant, through service or otherwise, may serve as the vehicle by which removability becomes ascertainable. <u>Id.</u>

This Court has previously recognized that "a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal." King v. Kayak Mfg. Corp., 688 F. Supp. 227, 230 (N.D. W. Va. 1988). More recently, this Court observed in Hibbs v. Consolidation Coal Co., 842 F. Supp. 215 (N.D. W. Va. 1994), that "it is not the 'written' order which makes the case removable, but the pronouncement by the state judge during a proceeding of record in which he consents to a motion to amend. This avoids speculation about whether the requested relief will be granted." Case law from other courts within the Fourth Circuit similarly recognizes that a defendant may be put on notice that a case has become removable even in the absence of a court order. See e.g., Allison v. Meadows, 2005 WL 2016815 (S.D. W. Va., Aug. 22, 2005). Indeed, the Fourth Circuit has determined that, at least in certain circumstances, the motion, order, or other paper from which it may be ascertained that a case has become removable need not necessarily even be part of the state court record. See Yarnevic v. Brink's, Inc., 102 F.3d 753 (4th Cir. 1996).

In the case before this Court, McMahon was granted leave by the state court on August 1, 2007 to file an amended complaint. McMahon both filed the amended complaint adding the class action claim and served the defendants with a copy on August 7, 2007, which the defendants received on or before August 13, 2007. On August 21, 2007--six days before the state court entered its

15

written order--the defendants filed a motion to dismiss the amended complaint based upon McMahon's purported lack of standing to prosecute a class action claim. The defendants were clearly put on notice that a class action claim had been added and that the case had become removable well before the August 27, 2007 entry of the state court's written order. Under these circumstances, the defendants were required to file their notice of removal certainly by no later than September 12, 2007, and, depending upon when the defendants received a copy of the amended complaint, possibly earlier. In any event, this Court finds that because the defendants did not remove the action until September 26, 2007, removal was untimely, and this case must be remanded.

B. <u>Subject Matter Jurisdiction</u>

Even if removal were timely, remand would still be required because this Court finds that the defendants have failed to show by a preponderance of evidence that the case meets the jurisdictional minimum under CAFA. Where, as here, the plaintiffs have failed to specify a specific amount of damages in their complaint, a court may consider facts averred in the notice of removal and evidence submitted after the filing of the notice of removal. <u>See, e.g., Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001); <u>Singer v. State Farm Mutual Automobile Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997); <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335-36 (5th Cir. 1995).

16

Here, the defendants' notice of removal asserts that this case meets CAFA's amount-in-controversy requirement and offers the following claims in support: First, according to the defendants, the putative class includes "all persons who attempted to obtain refunds or replacements for warranty-covered products purchased at AAP, but who were denied a refund or replacement." (Defs.' Notice of Removal 3.) Second, within the relevant time frame, AAP stores in West Virginia conducted over 20,000,000 sales transactions. Id. Third, assuming that 0.25% of all transactions during the relevant period constitute "unsuccessful attempts to obtain a refund or replacement for a warranty-covered product sold by AAP[,]" the number of putative class members reaches approximately 50,000. Id. Because the plaintiffs seek damages under, inter alia, the West Virginia Consumer Protection Act, which provides that a plaintiff may recover the greater of actual damages incurred or $200.00 per violation, the amount in controversy relating to this claim approximates $10,000,000.00, which represents double the jurisdictional minimum.[6]

Subsequently, as part of their motion in opposition to the plaintiffs' motion to remand, and in support of their claims pertaining the amount in controversy, the defendants filed an affidavit by Jeffrey W. Fralin, an Inventory and Sales Manager for

---

[6]The defendants calculate this figure by multiplying the number of potential class plaintiffs, 50,000, by the statutory damages provision of $200.00 per violation.

17

AAP, who estimates that during the relevant period, West Virginia AAP stores conducted approximately 16,000,000 sales transactions,[7] approximately 2,000,000 of which were "return transactions." (Fralin Aff. 2.) According to Fralin, AAP assigns codes, including one for "product defect," to all return transactions. Id. Fralin does not estimate the number of return transactions that were assigned the code for product defects, nor does he offer any figures concerning the number of returns attempted but refused on warranty-covered products.

This Court finds the defendants' evidence to be infirm and concludes that the defendants have failed to meet their evidentiary burden regarding the amount in controversy. The inadequacy of the defendants' evidence results largely from the assumptions and estimates they make concerning AAP's sales figures and return transactions at their West Virginia stores. For example, the figure (0.25%) the defendants assign to calculate the number of unsuccessful attempts to obtain a refund or replacement for a warranty-covered product sold by AAP is nothing more than an assumption--an assumption unsupported by any grounds or rationale for which it is made. Fralin's affidavit, which contains no figures concerning unsuccessful return attempts on warranty-covered

---

[7]This Court observes that Fralin's estimate is substantially lower than the estimate set forth in the defendants' notice of removal. The difference, however, is immaterial to this Court's analysis.

products sold by AAP, is no more elucidating. Simply put, the defendants have offered no basis for the percentage they selected. Furthermore, in part because the defendants define the putative class to include all persons who have made unsuccessful attempts to obtain a refund or replacement for a warranty-covered product, and in part because the defendants apply their assumption to a percentage of all sales transactions in West Virginia, rather than simply return transactions based upon defective warranty-covered products, the defendants' estimates concerning potential damages encompass putative claims that fall beyond the plaintiffs' class complaint.

This Court concludes that the defendants' calculations, based as they are upon unfounded assumptions and ill-defined estimates, cannot be deemed reliable bases for calculating the amount in controversy in this case. Consequently, the defendants have not demonstrated by a preponderance of the evidence that the pecuniary result to either party which [a] judgment would produce exceeds $5,000,000.00, exclusive of interests and costs. The amount in controversy has not been satisfied, and this Court, therefore, lacks subject matter jurisdiction.

C. <u>Local Exception Controversy</u>

Having determined that it lacks subject matter jurisdiction, this Court need not, and does not, address whether the local controversy exception to CAFA applies.

## IV. Conclusion

For the reasons stated above, this Court concludes that it the defendants' removal was untimely and that, even if removal was timely, the defendants have failed to carry their burden of showing by a preponderance of evidence that the jurisdictional amount in controversy has been met. Therefore, this Court lacks subject matter jurisdiction over this action. Accordingly, the plaintiffs' motion to remand must be and hereby is GRANTED and it is ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 18, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE